IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY SAPKO, and<br>KATHLEEN M. PITZER<br><br>    Plaintiffs,<br><br>v.<br><br>RINGGOLD AREA SCHOOL DISTRICT,<br>and DWAYNE HOMA, individually,<br><br>    Defendants. | Civil Action Number:<br><br>JURY TRIAL DEMANDED<br><br>*Electronically Filed* |

## COMPLAINT

COME NOW, the Plaintiffs, NANCY SAPKO and KATHLEEN PITZER, by and through their undersigned attorneys, SCANLON & SANSONE and JOEL S. SANSONE, ESQUIRE, and JOHN W. MURTAGH, JR., ESQUIRE, and bring this Complaint of which the following is a statement:

## PARTIES

1. Plaintiff, Nancy Sapko, is an adult female citizen of the Commonwealth of Pennsylvania, residing in Finleyville, Pennsylvania.

2. Plaintiff, Kathleen Pitzer, is an adult female citizen of the Commonwealth of Pennsylvania, residing in Eighty Four, Pennsylvania.

3. Defendant, Ringgold Area School District, is a political subdivision of the Commonwealth of Pennsylvania, and at all times relevant hereto, operated under the statutes of the United States, with its principal offices located at 400 Main Street, New Eagle, Pennsylvania 15067. At all times relevant hereto, Defendant Ringgold was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

4.  Defendant, Ringgold Area School District, is and at all times relevant hereto has been an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1964 (as amended), 42 USC 2000(e)(b), and is thus covered by the provisions of Title VII.

5.  Defendant, Dwayne Homa, is an adult citizen of the Commonwealth of Pennsylvania, who resides in the Commonwealth of Pennsylvania, and at all times relevant hereto, acted as the principal of Ringgold High School.

## JURISDICTION AND VENUE

6.  This is an action to redress the deprivation by the Defendants of the Plaintiffs' civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in their employment on account of age and sex, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, 29 U.S.C.A. §621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended)("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims. Declaratory relief is sought under and by virtue of Title 28 U.S.C. §§2201 and 2202. Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

7.  All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

8.  Plaintiffs have satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    A.    Plaintiff Sapko filed a charge for age and sex discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 10, 2005, at Charge No. 172-2005-01139, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B.    The EEOC issued a Notice of Dismissal and Right to Sue Letter on or about April 25, 2006;

    C.    Plaintiff Sapko's Complaint is timely filed within 90 days of receipt of the Notice of Dismissal and Right to Sue;

    D.    Plaintiff Pitzer filed a charge of sex and age discrimination with the EEOC on or about November 24, 2005, at Charge No. 172-2005-01268;

    E.    The EEOC issued a Notice of Dismissal and Right to Sue Letter on or about April 25, 2006;

    F.    Plaintiff Pitzer's Complaint is timely filed within 90 days of receipt of the Notice of Dismissal and Right to Sue.

9.    A **JURY TRIAL** IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

### FACTUAL ALLEGATIONS

10.    At all times relevant to this Complaint, Plaintiff Sapko was employed by the Defendant School District. Plaintiff Sapko began her employment with the Defendant Ringgold Area School District ("School District") as a full-time mathematics teacher in 1992. Plaintiff continued her employment with the Defendant School District until her constructive discharge in or about July 2005.

11.    At all times relevant to this Complaint, Plaintiff Pitzer was employed by the Defendant School District. Plaintiff Pitzer began her employment with the Defendant School District as a full-time mathematics teacher in 1998 and is still employed in that capacity.

12. From the time Defendant Homa began his employment with the Defendant during the 2004-2005 school year, he repeatedly made age-biased remarks concerning the "younger teachers" being "better."

13. Defendant Homa's remarks include, but are not limited to: "We need a younger faculty"; "anyone over fifty (50) should retire"; "younger teachers are better qualified to teach the better subjects than the older teachers" and remarking that the younger teachers are "more prepared."

14. On or about May 4, 2005, Plaintiff Pitzer asked Defendant Homa for a letter of recommendation so she could attend a class at the University of Pittsburgh to be certified to teach "college in high school" at the Defendant School District. Defendant Homa asked Plaintiff Pitzer if another, younger, teacher was interested in the position and signed off on Plaintiff Pitzer becoming certified only after he was informed the younger teacher was not interested in the position.

15. On or about May 11, 2005, Plaintiff Pitzer was informed that she would be teaching all three (3) calculus courses taught at the Defendant School District because she was enrolled in the University of Pittsburgh Class aforementioned, and would be the only teacher at the Defendant School District certified to teach the most advanced calculus course.

16. On or about May 13, 2005, at the Defendant School District's prom, the faculty "hospitality room," which was paid for with student prom funds, was used by Defendant Homa and the younger female teachers in attendance, to the exclusion of the majority of the chaperones.

17. After the prom, on or about May 16, 2005, Plaintiff Pitzer was informed that she would be teaching only one calculus class during the upcoming year, not the three she had previously been promised.

4

18. Plaintiff Pitzer was enrolled in the certification course at the University of Pittsburgh at her own expense on her own time. After being informed that she would not be teaching all of the calculus classes, Plaintiff Pitzer withdrew from the certification course.

19. Plaintiff Pitzer's other two calculus classes had been reassigned to a younger, female teacher in the math department. This teacher was one of the individuals who spent time with Defendant Homa in the "hospitality room."

20. After deciding to withdraw from the certification course at the University of Pittsburgh, Plaintiff Pitzer was called into Defendant Homa's office and accused of "refusing to teach" an assigned class. Defendant Homa informed the Plaintiff that she had to put her "refusal" in writing. Plaintiff Pitzer declined to do so, stating that she was not refusing to teach any class, but that because two of her calculus classes had been taken from her, the certification course was not a worthwhile pursuit.

21. On or about June 3, 2005, Defendant Homa sent Plaintiff Pitzer a letter reiterating his request that she put her "refusal" to teach in writing. Defendant Homa also informed the Plaintiff that a continued failure to do so may be considered as insubordination.

22. Defendant Homa took classes from Plaintiff Pitzer and rewarded those more attractive classes to a younger, female teacher with whom he had a personal relationship.

23. Defendant Homa repeatedly favored younger, female teachers with whom he had a personal relationship.

24. Defendant Homa has created a sexually hostile work environment in which the Plaintiffs were required to function. This included, but was not limited to, the following:

    a.    class assignments being taken from the Plaintiffs and given to the younger female teachers with whom Defendant Homa was spending unusually large amounts of time during school as well as after school;

5

    b.    schedule changes to benefit the teachers with whom Defendant Homa had a personal relationship;

    c.    Defendant Homa repeatedly leaving school grounds with the other, younger, female teachers;

    d.    younger teachers spending inordinately long amounts of time in Defendant Homa's office and other actions which give the appearance of impropriety and which signal to other employees that having a sexual relationship with Defendant Homa may improve working terms and conditions for a female employee; and

    e.    Defendant Homa affording the younger female teachers special preferential treatment.

These actions, together with the foregoing, created a work environment charged with sexual hostility.

25. Class schedules had historically been determined based on seniority within the Defendant School District. Defendant Homa changed this policy, and assigned the better classes and schedules based on favoritism to the younger, female teachers.

26. Defendant Homa accused Plaintiff Sapko of "creating a hostile work environment" for the younger teachers, claiming that she was upset about scheduling changes and had been treating the younger teachers poorly. Plaintiff Sapko was still unaware of her upcoming schedule when Defendant Homa called her into his office and reprimanded her for this alleged hostile work environment.

27. Defendant Homa then placed a letter in Plaintiff Sapko's personnel file accusing her of "wasting class time to talk about the principal."

28. Defendant Homa took various other actions in the weeks leading up to Plaintiff Sapko's constructive discharge which were inappropriate, which reinforced the sexually hostile nature of the workplace, and which contributed to the aforementioned constructive discharge.

6

COUNT I

PLAINTIFFS v. RINGGOLD AREA SCHOOL DISTRICT

<u>AGE DISCRIMINATION</u>

29.     Plaintiffs respectfully incorporate all of the allegations of Paragraphs 1 through 28, inclusive, as if the same were fully set forth here in this First Count, and made a constituent part hereof.

30.     This is a proceeding under the Age Discrimination in Employment Act for declaratory judgment as to the Plaintiffs' rights and for a permanent injunction restraining Defendant from maintaining a policy, practice, custom or usage of age discrimination against the Plaintiffs because of their age with respect to their continuation in employment, and, further, with respect to the terms, conditions and privileges of that employment, in such ways and by such means so as to deprive, as the Defendant has deprived the Plaintiffs of equal employment status because of their age.  This Count also seeks restoration to the Plaintiffs of all rights, privileges, benefits and income that they would have received but for the Defendant's unlawful and discriminatory practices, and a make whole remedy to compensate them for their injuries, losses and damages together with such exemplary, punitive and liquidated damages provided by law.

31.     Plaintiffs believe, and therefore aver, that they were maliciously, willfully and intentionally discriminated against, and/or treated with reckless indifference to their rights under law, in the terms and conditions of her employment because of their age in that they were discriminated against as aforementioned.

32.     Plaintiff Sapko was constructively discharged by the Defendant because of her age in violation of the ADEA.

7

33.     As a result of the Defendant's actions, Plaintiffs have been substantially and illegally harmed, and suffered large and continuing financial losses, deprivation of employment, benefits, perquisites, and fair treatment, and have suffered continuing emotional and physical distress and injury, embarrassment and humiliation caused by the Defendant, its managers, supervisors, employees, agents, attorneys, and other officials.

34.     The actions of the Defendant in denying Plaintiffs an equal opportunity to continue and advance in their employment with the Defendant without age discrimination constitutes a violation of the ADEA.

35.     Plaintiffs have no other plain, adequate or complete remedy at law to redress the wrongs done to them by the Defendant, and this suit for injunctive relief is their only means of securing just and adequate redress and relief. Moreover, Plaintiffs are now suffering and will continue to suffer irreparable injury from the Defendant's age discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

36.     A **JURY TRIAL** IS DEMANDED TO THE EXTENT THE SAME MAY BE PERMITTED BY LAW.

WHEREFORE, Plaintiffs Nancy Sapko and Kathleen Pitzer respectfully pray that judgment be entered in their favor against the Defendant Ringgold Area School District and that the Court:

    a.  Enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA;

    b.  Permanently enjoin the Defendant, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices, etc. do not discriminate or permit harassment on the basis of age;

d. Reinstate Plaintiff Sapko to her previous position;

e. Adjust the wage rates, salary, bonuses, position and benefits for Plaintiff Sapko to that level which she would be enjoying but for the discriminatory practices and actions of the Defendant;

f. Compensate and make Plaintiffs whole for all earnings, salary, wages, and other benefits she would have received but for the discriminatory practices and actions of Defendant;

g. Order that Defendant destroy all derogatory comments and discipline files regarding Plaintiffs and expunge all references to the circumstances of any such discipline;

h. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees and costs of suit;

i. Grant such other relief as may be just and proper including but not limited to a grant of compensatory, liquidated, exemplary and punitive damages; and

j. Protect Plaintiffs from retaliation.

JURY TRIAL DEMANDED.

COUNT II

PLAINTIFFS v. RINGGOLD AREA SCHOOL DISTRICT

<u>SEX DISCRIMINATION</u>

37. Plaintiffs respectfully incorporate all of the allegations of paragraphs 1 through 36, inclusive, as if the same were fully set forth herein this Second Count, and made a constituent part hereof.

38. As described hereinabove, Plaintiffs were treated less favorably than similarly situated younger female teachers who had a personal relationship with Defendant Homa. The Defendant

9

repeatedly favored the younger female teachers with whom he had a personal relationship in teaching assignments and scheduling. Defendant Homa further disciplined the Plaintiffs for making complaints about the aforementioned conduct, and disciplined Plaintiff Pitzer for withdrawing from a certification class that was not required by, nor paid for by, the Defendant. The actions of the Defendant in denying Plaintiffs an equal opportunity to continue and advance in their employment with the Defendant without sexual discrimination constitute violations of Title VII of the Civil Rights Act of 1964 (as amended) and the Civil Rights Act of 1991 (as amended).

39. As a direct result of the Defendant's discriminatory actions in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, Plaintiff Sapko has lost wages and other economic benefits of her employment with the Defendant. Additionally, the Plaintiffs have been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, Plaintiffs have incurred counsel fees and other costs of pursuing her legal rights.

40. Plaintiff Sapko was constructively discharged by the Defendant because of her sex, in violation of Title VII of the Civil Rights Act of 1964 and 1991.

41. The actions on the part of the Defendant are part of a plan, pattern or practice of discriminating against female employees in the type and manner described above which may affect others similarly situated to the Plaintiffs.

42. Plaintiffs have no other plain, adequate or complete remedy at law to redress the wrongs done to them by the Defendant and this suit for injunctive relief is their only means of securing just and adequate redress and relief. Moreover, Plaintiffs are now suffering and will continue to

10

suffer irreparable injury from the Defendant's sex discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

WHEREFORE, Plaintiffs, Nancy Sapko, and Kathleen Pitzer, respectfully pray that judgment be entered in their favor against the Defendant and that the Court:

a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964 (as amended), and Title VII of the Civil Rights Act of 1991 (as amended);

b. permanently enjoin the Defendant, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

c. order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of sex;

d. award Plaintiffs the amount of wages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

e. order the Defendant to reinstate Plaintiff Sapko to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

f. adjust the wage rates, salary, bonuses, position and benefits for Plaintiffs to that level which they would be enjoying but for the discriminatory practices and actions of the Defendant;

g. that in addition to the damages above, the Court award the Plaintiffs compensatory and punitive damages as a result of the Defendant's willful violation of the Civil Rights Act of 1991;

h. award the Plaintiffs reasonable attorneys' fees and costs of this action;

i. award the Plaintiffs pre-judgment and post-judgment interest; and

11

j.     grant the Plaintiffs such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III

PLAINTIFFS v. ALL DEFENDANTS

<u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

43.     Plaintiffs respectfully incorporate all of the allegations of Paragraphs 1 through 42, inclusive, as if the same were fully set forth here in this First Count, and made a constituent part hereof.

44.     This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

45.     As described above, Plaintiffs were subjected to a hostile work environment created by Defendant Homa.

46.     By discriminating against the Plaintiffs without just cause or legal excuse and solely because of their sex and age, and by permitting the discrimination against the Plaintiffs as aforementioned, the Defendants have violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex or age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination. Because of his actions as aforementioned, Defendant Homa aided and abetted the discriminatory

12

conduct described above, and, as such, bears personal responsibility for these actions which violated the aforementioned Pennsylvania statutory premises.

47. As a direct result of the Defendants' discriminatory actions, and violations of the PHRA, the Plaintiffs have lost wages and other economic benefits of their employment with the Defendant School District. In addition, the Plaintiffs have incurred counsel fees and other costs in pursuing their legal rights. The Plaintiffs have also suffered from and continue to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among their peers and stress.

48. As more fully set forth hereinabove, the Plaintiffs have suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiffs' reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiffs now suffer these damages, and will continue to suffer the same for the indefinite future.

49. The actions on the part of the Defendants were intentional and willful.

WHEREFORE, Plaintiffs, Nancy Sapko and Kathleen Pitzer request the following:

  a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the PHRA;

  b. permanently enjoin the Defendants, their officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

  c. order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of sex;

13

d. award Plaintiffs the amount of wages and other benefits lost due to the Defendants' unlawful conduct plus interest from the date of discrimination;

e. order the Defendants to reinstate Plaintiff Sapko to the position she held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

f. adjust the wage rates, salary, bonuses, position and benefits for Plaintiffs to that level which they would be enjoying but for the discriminatory practices and actions of the Defendants;

g. in addition to the damages above, the Plaintiffs request that the Court award the any other damages as provided for by the PHRA;

h. award the Plaintiffs reasonable attorneys' fees and costs of this action;

i. award the Plaintiffs pre-judgment and post-judgment interest; and

j. grant the Plaintiffs such additional relief as may be just and proper.

Respectfully submitted,

s/Joel S. Sansone
Joel S. Sansone, Esquire
PA I.D. No. 41008
SCANLON & SANSONE
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
(412) 281-9194

John W. Murtagh, Jr., Esquire
PA ID No. 16726
MURTAGH & CAHILL
110 Swinderman Road
Wexford, Pennsylvania 15090
(724) 935-7555

Dated: July 7, 2006