IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
NANCY SAPKO, et al.,            )
                                )
             Plaintiffs,        )   Civil Action No. 06-893
                                )
     v.                         )   Judge Cercone
                                )   Magistrate Judge Caiazza
RINGGOLD AREA SCHOOL            )
DISTRICT, et al.,               )
                                )
             Defendants.        )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

It is respectfully recommended that the Defendants' Motion to Dismiss (Doc. 5) be denied.

In this employment discrimination lawsuit, the Defendants seek dismissal based on the Plaintiffs' failure to plead certain elements of their *prima facie* case. *See* Defs.' Br. (Doc. 6) at 4-6 (under ADEA, Plaintiffs have not alleged they are over forty years old, they have failed to identify "materially adverse" employment action, and they do not identify ages of more favorably treated comparators); *id.* at 6-7 (under hostile work environment claim, Plaintiffs fail to allege severe or pervasive conduct). These arguments are inconsistent with the law.

"[A]n employment discrimination complaint need not include specific facts establishing a *prima facie* case of discrimination under the framework of *McDonnell Douglas*," but "instead must contain only a short and plain statement of the claim showing that the pleader is entitled to relief." Gavura v. Pennsylvania

State House of Reps., 55 Fed. Appx. 60, 63 (3d Cir. Dec. 13, 2002) (citing published binding authority, internal alterations and quotations omitted).  The Complaint satisfies these liberal standards.  *Compare, e.g.,* discussion *supra* (noting argument that Plaintiffs do not specifically allege they were over forty) *with* Gavura, 55 Fed. Appx. at *65 (retaliation claim sufficient despite plaintiff's failure to identify protected activity).

Finally, most of the Defendants' arguments independently fail because they cannot appropriately be resolved at the 12(b)(6) stage.  *Compare* Defs.' Br. at 5 (arguing that employment actions were not "materially adverse") *with, e.g.*, Martin v. Northwestern Mut. Life Ins. Co., 2006 WL 2560128, *2 (E.D. Wis. Sept. 5, 2006) (finding same argument inconsistent with liberal pleading standards); *compare* Defs.' Br. at 6 (Plaintiffs fail to identify age of comparators) *with* Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004) ("[t]he need for discovery before testing a complaint for factual sufficiency is particularly acute for civil rights plaintiffs, who often face informational disadvantages"); *and compare* Defs.' Br. at 6-7 (arguing that alleged hostile work environment conduct was not sufficiently severe or pervasive) *with* Massaro v. Illinois D.O.C., 2006 WL 1063797, *5 (C.D. Ill. Apr. 20, 2006) (whether defendants' conduct was "severe enough to alter the conditions of [the plaintiff's] employment is . . .  not appropriately decided on a motion to dismiss").

For these reasons, the Defendants' Motion should be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this report and recommendation are due by November 30, 2006.  Responses to objections are due by December 11, 2006.


November 14, 2006

                                                *Francis X. Caiazza*
                                                Francis X. Caiazza
                                                U.S. Magistrate Judge

cc (via email):

Susan T. Roberts, Esq.
Joel S. Sansone, Esq.