# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CIVIL DIVISION

| | |
|---|---|
| NANCY SAPKO and KATHLEEN M. PITZER, | No. 06 - 0893 |
| Plaintiffs, | David Stewart Cercone, United States District Judge |
| vs. | Francis X. Caiazza, Magistrate Judge |
| RINGGOLD AREA SCHOOL DISTRICT and DWAYNE HOMA, individually, | *FILED ELECTRONICALLY* |
| Defendants. | TYPE OF PLEADING: **MOTION TO QUASH SUBPOENA** |

FILED ON BEHALF OF:

**Defendants**

COUNSEL OF RECORD:

Susan T. Roberts, Esquire
Pa I.D. 66758
sroberts@peacockkeller.com

Frank G. Adams, Esquire
Pa I.D. 76996
fadams@peacockkeller.com

**Peacock Keller & Ecker, LLP**
70 East Beau Street
Washington, Pennsylvania  15301
(724) 222-4520 (telephone)
(724) 222-3318 (facsimile)
Firm I.D. 807

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CIVIL DIVISION

| | |
|---|---|
| NANCY SAPKO and<br>KATHLEEN M. PITZER,<br><br>          Plaintiffs,<br><br>vs.<br><br>RINGGOLD AREA SCHOOL<br>DISTRICT and DWAYNE<br>HOMA, individually,<br><br>          Defendants. | No. 06 - 0893<br><br>David Stewart Cercone, United States District Judge<br><br>Francis X. Caiazza, Magistrate Judge |

## MOTION TO QUASH SUBPOENA

AND NOW, come the Defendants, Ringgold Area School District and Dwayne Homa, by their undersigned counsel, and respectfully move this Court pursuant to Fed.R.Civ.P. 45(c)(3) for an order quashing Plaintiffs' subpoena with respect to the deposition of a non-party witness, Jane Homa, scheduled for October 4, 2007, for the following reasons:

      1.      This case involves claims brought by Plaintiffs Nancy Sapko and Kathleen M. Pitzer against Ringgold Area School District and Dwayne Homa of age discrimination under the Age Discrimination and Employment Act of 1967, 29 U.S.C. §621 et seq. ("ADEA"), and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 (U.S.C. §2000(e) et seq., as amended ("Title VII").

2. On or about September 25, 2007, Plaintiffs issued and served a subpoena, by United States regular mail, on Jane Homa, the wife of Defendant, Dwayne Homa, to appear and testify at a deposition in the above-referenced case. A true and correct copy of the subpoena is attached hereto as Exhibit "A."

3. The Plaintiffs claim in their Complaint that Dwayne Homa had a "personal relationship" with younger, female teachers at Ringgold and that he created a sexually hostile work environment. (Complaint at ¶¶ 23 and 24.)

4. Jane Homa's husband, Defendant, Dwayne Homa, is the principal of Ringgold High School and a named Defendant in the within action.

5. It is anticipated that the purpose of having Jane Homa testify at a deposition is to interrogate Jane Homa concerning the communications Jane and Dwayne Homa may have had with one another with respect to the Plaintiffs' allegations that Dwayne Homa had a sexual relationship with certain female teachers at Ringgold High School.

6. Defendant, Dwayne Homa, has standing to bring this Motion insofar as he has a personal right and/or privilege with respect to the subject matter of the subpoena. <u>Langford v. Chrysler Motors Corp.</u>, 513 F.2d 1121 (2d Cir. 1975). Specifically, the subpoenaed witness is his wife, and their marriage relationship carries certain legal privileges and immunities from discovery.

7. Further, Jane Homa is not a fact witness in this case.

8. Jane Homa has no personal or firsthand knowledge of any of the allegations made by Plaintiffs in this case.

9. Defendants object to having Jane Homa testify at a deposition by reason of her status as the wife of Dwayne Homa.

10.     Jane Homa has a right and privilege not to testify based upon the marital communications privilege, which bars testimony concerning statements privately communicated between spouses.  See 42 Pa.C.S.A. §5923; see also Trammel v. United States, 445 U.S. 40 (1980), United States v. Ammar, 714 F.2d 238, 258 (3d Cir. 1983), cert den. 464 U.S. 936 (1983).  The privilege applies in both criminal and civil cases.  Fallowfield Development Corp. v. Strunk, 1990 WL 52749 (E.D.Pa. 1990).

11.     By requiring Jane Homa to testify as to communications she may have had with her husband, Dwayne Homa, Jane Homa would be forced to disclose words intended as communication from her husband that, at all times, were made during a valid marriage.

12.     Once it is established that communications were intended as confidential and that they were made during a valid marriage, confidentiality is presumed and the opposing party must overcome the presumption.  Puricelli v. Houston, 2000 WL 298922 (E.D.Pa. 2000).

13.     Defendants further object to the issuance of a subpoena on Jane Homa pursuant to Rule 403 of the Federal Rules of Evidence, which gives the court the authority to exclude otherwise admissible evidence if its probative value is outweighed by the potential for prejudice, confusion or waste of time.  See Fed.R.Evid. 403.

14.     Any information Plaintiffs might obtain from Jane Homa would not be relevant to the case at issue as she was not present at any of the incidents alleged in the Complaint.

15.     It is anticipated that Plaintiffs wish to interrogate Mrs. Homa as to sexual matters, which could only be pertinent to inflame and prejudice a jury, and any testimony Plaintiffs might elicit from Jane Homa would be extremely prejudicial to Dwayne Homa to the extent that Mrs. Homa may be viewed by a jury as giving testimony against her husband in this matter.

- 5 -

WHEREFORE, Defendants, Ringgold Area School District and Dwayne Homa, respectfully request this Honorable Court enter an order quashing Plaintiffs' subpoena directed to Jane Homa.

        Respectfully submitted,

        **Peacock Keller & Ecker, LLP**

        By: /s/Susan T. Roberts
            Susan T. Roberts, Esquire
            Pa. I.D. 66758
            Frank G. Adams, Esquire
            Pa. I.D. 76996
            Attorneys for Defendants,
            Ringgold Area School District and
            Dwayne Homa

## CERTIFICATE OF SERVICE

I, Susan T. Roberts, Esquire, do hereby certify that a true and correct copy of the foregoing **Motion to Quash Subpoena** is being served upon the following counsel of record via notice of electronic filing though Court's Case Management/Electronic Case File System, this 3rd day of October, 2007:

>Joel S. Sansone, Esquire
>**Scanlon & Sansone**
>2300 Lawyers Building
>Pittsburgh, PA 15219

>**Peacock Keller & Ecker, LLP**

>By: /s/Susan T. Roberts
>    Susan T. Roberts, Esquire