IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NANCY SAPKO, and | ) | |
| KATHLEEN M. PITZER | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action Number: 06-0893 |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RINGGOLD AREA SCHOOL DISTRICT, | ) | |
| and DWAYNE HOMA, individually | ) | *Electronically Filed* |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION TO QUASH SUBPOENA

COME NOW the Plaintiffs, Nancy Sapko and Kathleen Pitzer, by and through their undersigned attorneys, and submit their Response to Defendant Homa's Motion to Quash Subpoena as follows:

1.      On October 3, 2007, Defendants filed a Motion to Quash Subpoena served on Jane Homa, the spouse of Defendant Dwayne Homa.

2.      Defendants' motion attempts to quash a legally valid subpoena based on the marital communications privilege.

3.      The Federal Rules of Evidence permit the discovery all information "reasonably calculated to lead to the discovery of admissible evidence. F.R.C.P. 26(b)(1). The deposition of the spouse of a named Defendant is clearly within the permissible scope of this rule.

4.      The marital communications privilege is comprised of three elements: (1) the privilege extends only to words or acts intended as a communication to the other spouse; (2) the communication must have been made during a valid marriage; and (3) the

1

communication must have been made with the intent that it remain confidential. *Caplan v. Fellheimer Eichen Braverman & Kasey*, 162 F.R.D. 490, 491 (E.D.Pa. 1995).

5.  If the first two elements are established, then confidentiality is presumed. *Id.*

6.  The marital privilege cannot be applied as a blanket protection against a deposition, rather, it must relate to a specific statement or communication.

7.  In order to claim the privilege to withhold information, a party must "make the claim expressly and shall describe the nature of the … communications … in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Id.* at 492.

8.  Unlike the Defendants' motion, which attempts to preclude all testimony, in order to assert marital privilege "the nature of the communications must be appropriately defined … in order for the opposing party to have the opportunity to challenge it and for this court to determine whether the privilege should apply." *Id.*

9.  Courts have permitted questioning of a witness claiming marital privilege so that this determination can be made. Specifically, questions which include "time, place, and general subject matter of the communications must be answered in order to determine whether the communication was intended to be confidential." *Id.*

10. The marital communication privilege is subject to waiver if the communication is made in the presence of a third party, or if the subject matter of the communication is disclosed to a third party by one of the spouses. *Knepp v. United Stone Veneer*, 2007 WL 2597936, *4 (M.D.Pa. Sept. 5, 2007).

11.  In the instant case, the Plaintiffs are unable to overcome the presumption of confidentiality because the privilege has been improperly invoked as a blanket protection against the deposition.

12.  The deposition should be permitted, and the Plaintiffs should be given the opportunity to determine which, if any, communications are protected by the marital communications privilege.  Moreover, Plaintiffs have the right to inquire of Mrs. Homa into any and all facts of which she may have firsthand knowledge.  Despite Defendants' contention that she possesses no firsthand knowledge, because she has not yet been deposed, the Plaintiffs have not had an opportunity to make that determination.

13.  Moreover, the privilege is held by Mrs. Homa, and can only be asserted by her because she has the ability to waive the privilege.  *See e.g. Knepp, supra,* at *4.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Quash Subpoena issued to Mrs. Jane Homa.

Respectfully submitted,

s/Joel S. Sansone
Joel S. Sansone, Esquire
PA I.D. No. 41008
Adam K. Hobaugh
PA ID No. 203448
Scanlon & Sansone
2300 Lawyers Building
Pittsburgh, Pennsylvania 15219
(412) 281-9194