```
               IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


NANCY SAPKO, et al.,           )
                               )
               Plaintiffs,     )    Civil Action No. 06-893
                               )
     v.                        )    Judge Cercone
                               )    Magistrate Judge Caiazza
RINGGOLD AREA SCHOOL           )
DISTRICT, et al.,              )
                               )
               Defendants.     )
```

**ORDER**

The Defendant's Motion (Doc. 22) to quash the subpoena directed to Jane Homa will be denied, consistent with the discussions below.

The Defendant Dwayne Homa is alleged to have had "personal relationship[s]" with younger co-employees of the Plaintiff, and to have created a sexually hostile work environment. *See generally* Defs.' Mot. at ¶ 3.  The Plaintiffs seek to depose the Defendant's Wife, and counsel anticipates that Ms. Homa will be questioned regarding conversations she had with Mr. Homa regarding his purported extramarital activities.  *Id.* at ¶ 5. Defense counsel seeks to preclude her testimony based on marital privilege, and they argue the evidence would be more prejudicial than probative under Federal Rule of Evidence 403.  *Id.* at ¶¶ 13-15.

While not entirely unsympathetic to Ms. Homa's situation, the Defendants' request for the blanket preclusion of her

testimony is unsupported in the law.  As Plaintiffs' counsel highlights, application of the marital privilege requires an investigation into the "nature of the [subject] communications," including the "time, place, and general subject matter" of the discussions and whether any privilege protection was waived.  *See* Pls.' Opp'n Br. (Doc. 23) at ¶¶ 7-10 (citing and quoting persuasive legal authority).  Under similar circumstances, moreover, courts have allowed the depositions of spouses to proceed.  *See, e.g.*, Knepp v. United Stone Veneer, LLC., 2007 WL 2597936, *2, *5 (M.D. Pa. Sept. 5, 2007) (finding partial waiver of marital privilege in connection with deposition of wife whose husband allegedly harassed plaintiff); *see also generally* Alden v. Time Warner, Inc., 1995 WL 679238, *3 (S.D.N.Y. Nov. 14, 1995) (allowing spouse's testimony because "[i]t is rare that a court will preclude a deposition" and, "[g]enerally, one is required to show both that there is a likelihood of harassment and that the information sought is fully irrelevant before [the deposition] is altogether denied") (citations and internal quotations omitted).

As for the Defendants' objection under Federal Rule 403, the court cannot weigh the potential prejudice of Ms. Homa's statements against their probative value until it is known what her testimony will be.  Rule 403 addresses admissibility, moreover, and the standards governing discovery address different concerns and are more lenient.  *See generally* Pacitti v. Macy's,

193 F.3d 766, 777 (3d Cir. 1999) (in discovery, "[t]he information sought need not be admissible at the trial if [it] appears reasonably calculated to lead to the discovery of admissible evidence") (citation and internal quotations omitted).

For these reasons, the Plaintiffs will be permitted to take the deposition of Ms. Homa.  Given the nature of the inquiry, however, counsel is instructed to make best efforts to avoid embarrassing or annoying the witness, *see generally* Federal Rule 26(c), and Defense counsel may interpose any and all privilege objections and instructions warranted under the law. *See generally* Murphy v. Federal Ins. Co., 2006 WL 3349582, *3 (3d Cir. Nov. 20, 2006) ("marital privilege can be sufficiently protected through traditional objections made at the deposition"), *cert. denied*, -- S. Ct. --, 2007 WL 1786992 (Oct. 1, 2007).

Consistent with the foregoing, the Defendant's Motion (**Doc. 22**) to quash is **DENIED**, and the discovery deadline is extended, in connection with Ms. Homa's deposition only, until October 26, 2007.

THESE THINGS ARE SO ORDERED.

October 12, 2007

cc (via email):

Susan T. Roberts, Esq.
Joel S. Sansone, Esq.

Francis X. Caiazza
U.S. Magistrate Judge